# In the United States Court of Federal Claims

No. 21-2230; 21-2231
Filed: January 24, 2022

---

**JERRY LEONARD,**

                         *Plaintiff,*

**v.**

**THE UNITED STATES,**

                         *Defendant.*

---

*Jerry Allen Leonard*, Brownwood, TX, pro se.

*Geoffrey Martin Long*, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**TAPP, Judge.**

Plaintiff, Jerry Allen Leonard, appearing pro se, is incarcerated at the Brown County Jail in Brownwood, Texas. (Case No. 21-2230 ("*Leonard I*"), Compl. at 1, ECF No. 1). Mr. Leonard filed two Complaints that set forth claims pertaining to conditions of his confinement at the county jail, as well as fraud, takings, and abuse of power allegations against numerous local officials. (*Leonard I* Compl.; Case No. 21-2231 ("*Leonard II*") Compl., ECF No. 1). The Court consolidated these cases on January 12, 2022. (*Leonard I* Order Consolidating, ECF No. 7). Because the Court lacks jurisdiction over claims against local and state officials, it must dismiss Mr. Leonard's Complaint for lack of subject-matter jurisdiction under RCFC 12(h)(3).

Mr. Leonard alleges that (1) county jail officials have "open[ed] and read[]" his "legal mail and material" without his consent; (2) he is being retaliated against for "declining a court appointed counsel,"; and (3) he is being denied "any and all access to the law library." (*Leonard I* Compl. at 1–4). Mr. Leonard alleges that this treatment and the "substandard conditions" at the county jail violate 18 U.S.C. § 1702 (Obstruction of Correspondence) and 18 U.S.C. § 241 (Conspiracy Against Rights). (*Id.*). In his second set of claims, Mr. Leonard asks the Court to establish his ownership to properties and assets that he alleges were owned by his father and were improperly seized by various local and state officials. (*Leonard II* Compl. 1–6).

Whether a court has jurisdiction is a threshold matter in every case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). In determining jurisdiction, the Court accepts as true all undisputed factual assertions in the Complaint and draws all reasonable inference in favor of the plaintiff. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163

(Fed. Cir. 2011). If the Court finds at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. RCFC 12(h)(3). The Court of Federal Claims only possesses jurisdiction over alleged violations that mandate payment of money damages by the Federal Government. The Tucker Act, the primary statute setting the Court's jurisdiction, limits the Court's jurisdiction to claims (1) founded on an express or implied contract with the United States; (2) seeking a refund for a payment made to the government; and (3) arising from federal constitutional, statutory, or regulatory law mandating payment of money damages by the United States government. 28 U.S.C. § 1491(a)(1).

Pro se plaintiffs are "not expected to frame issues with the precision" of other parties represented by counsel. *Roche v. U.S. Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987). Therefore, pro se plaintiffs' complaints are construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, there is "no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011). In reviewing pro se claims, the Court may excuse ambiguities, but not defects. *Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015); *McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 189 (1936) (finding that pro se status does not relieve plaintiffs of the obligation to demonstrate jurisdiction by a preponderance of the evidence).

Allegations aimed at local and state officials are beyond the Court's jurisdiction. 28 U.S.C. § 1491(a)(1); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003). The only proper defendant in the Court of Federal Claims is the United States. *May Co. v. United States*, 38 Fed. Cl. 414, 416 (1997). It does not suffice that a plaintiff's complaint names the United States as the defendant pursuant to RCFC 10(a); the allegations in the Complaint must also directly implicate the Federal Government. *Id.; see also United States v. Sherwood*, 312 U.S. 584, 588 (1941) ("if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court.").

Mr. Leonard's Complaints only allege wrongdoings by local law enforcement, state officials, and private parties. Mr. Leonard's claims pertaining to his imprisonment conditions are asserted against named local prison officials at the Brown County jail, local officials at the Brownwood Law Enforcement Center, and the Sheriff of Brown County, Texas. (*Leonard I* Compl. at 4). Likewise, Mr. Leonard's claims pertaining to unlawful seizure of property only implicate the former sheriff of Brown County and other local law enforcement officials. (*See Leonard II* Compl. at 2–3). Since Mr. Leonard's allegations regarding "abuse of authority" within "the local law enforcement" do not implicate the Federal Government, the Court lacks jurisdiction to provide Mr. Leonard with the relief he seeks.[1] (*Leonard II* Compl. at 4); *see Anderson v. United States*, 117 Fed. Cl. 330 (2014) (The Court does not have jurisdiction over "any claims alleged against states, localities, state and local government entities, or state and local government officials and employees"); *Treviño v. United States*, 557 Fed. App'x. 995, 998

---

[1] Because it is unnecessary given the holding herein, the Court does not address the substance of Mr. Leonard's claims alleging tort theories, access to justice, violation of criminal statutes, or takings claims arising during his childhood.

(Fed. Cir. 2014) (dismissing claims against state prison officials for lack of subject-matter jurisdiction).

For the stated reason, Mr. Leonard's Complaints are **DISMISSED** for lack of subject-matter jurisdiction pursuant to RCFC 12(h)(3). The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**



s/   David A. Tapp
DAVID A. TAPP, Judge